UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ITA A. UDEOBONG d/b/a MIDLAND CARE MEDICAL SUPPLY, On Behalf of All Others Similarly Situated, as well as on Behalf of the General Public and Acting on the Public Interest, § § § § § § Plaintiff, § v. § ALBERT HAWKINS, RALPH C. § LONGMIRE, ARACELI BALLADARES, § in their individual and official capacities, § and the TEXAS HEALTH AND HUMAN § SERVICES COMMISSION, a § governmental entity of the State of Texas, § § Defendants. § | CIVIL ACTION NO. H-08-1883 |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for New Trial. (Doc. No. 15.) After considering the parties' filings, the applicable law, and the arguments at a recent hearing on the Motion, the Court finds that the Motion should be denied.

I.   BACKGROUND

Plaintiff Ita A. Udeobong d/b/a Midland Care Medical Supply & Equipment is a medical equipment supplier for Medicaid recipients in Stafford, Texas. In October 2007, Texas Health and Human Services Commission ("HHSC") notified Plaintiff that, after an investigation of his claims by the Office of Inspector General ("OIG"), HHSC had determined there was prima facie evidence that Plaintiff failed to comply with Texas Medicaid Program requirements, and that he billed for services not rendered, and for services in excess of actual quantities delivered. (Pl. Compl. Ex. A.) HHSC issued a

1

notice of hold on all payments pending the conclusion of investigation and legal proceedings between Plaintiff and HHSC. (Pl. Compl. ¶ 18, Ex. A.) Plaintiff claims that HHSC is withholding over $135,000 and, consequently, Plaintiff's business has been temporarily shut down. (Pl. Compl. ¶ 23.) The other factual circumstances are presented in the Court's previous order.

Because of sovereign immunity and failure to state a § 1983 due process claim, the Court issued an order that dismissed Plaintiff's Second Amended Complaint, and Plaintiff now moves for reconsideration of that order based on alleged errors of law and fact.

## II.   STANDARD

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). Such a motion must "clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Plaintiff does not specify the federal rule under which he urges his Motion. It is titled a "Motion for New Trial" suggesting a FED. R. CIV. P. 59(b) motion. The federal rules specify that:

> unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

FED. R. CIV. P. 61. A motion for a new trial or a motion to alter or amend a judgment must be filed within 10 days of the final judgment. FED. R. CIV. P. 59(b), (e). The 10-day deadline is mandatory and jurisdictional. *See U.S. Leather, Inc. v. H & W Partnership*, 60 F.3d 222, 225 (5th Cir. 1995); *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991). Plaintiff filed the Motion for New Trial within 10 days of the entry of final judgment and thus this court will consider Plaintiff's Motion pursuant to Rule 59. *See* FED. R. CIV. P. 6.

### III. ANALYSIS

Plaintiff contends that he has a protected property right in the already-earned Medicaid reimbursement payments and that Defendants failed to extend Plaintiff his appeal rights. Plaintiff argues that the payment hold placed on his business only affects reimbursement for services already provided and therefore Plaintiff has a property right to these reimbursements. Plaintiff cites case law for the proposition that Medicaid providers have a property interest in money paid for services already performed. *See, e.g. Furlong v. Shalala*, 156 F.3d 384 (2d Cir. 1998). In addition, Plaintiff contends that, while Defendants have the right to impose a payment hold during the time when the overpayment is calculated, Defendants may only impose a payment hold temporarily; but, in this case, Defendants never determined the actual overpayment. Likewise, Defendants allegedly never provided notice of the actual overpayment or a determination of the overpayment.

Defendants note that Plaintiff does not challenge the Court's rulings on the immunity of HHSC, and the individual defendants in their official capacities. Defendants reiterate their contention that Plaintiff did not avail himself of the formal administrative process provided to review HHSC's preliminary determination. Consequently, Plaintiff has no due process violation. They also contend that Plaintiff was not denied due process because Plaintiff was not denied any property interest absent due process.

Plaintiff appears to reconstrue the payment hold as affecting unquestioned claims rather than a hold designed to recoup payments on services that may not comply with Medicaid requirements. This new cast does not affect the Court's analysis—as the Plaintiff's Complaint explains, the payment hold was designed to address "documentation deficiencies with respect to certain claims," and money is fungible. As the Court noted in its previous Order, even if it construes Plaintiff's Complaint as having alleged that he did in fact pursue an administrative appeal of the preliminary determination of the contested claims, which he does not (Plaintiff instead alleges that he requested an administrative appeal to dispute the payment hold itself), Plaintiff was not deprived of any property interest absent due process, as the Court held in its previous Order. (Order, 17 n.6.)

## IV. CONCLUSION

Plaintiff's Motion for New Trial is **DENIED**.

**IT IS SO ORDERED**.

SIGNED at Houston, Texas, on this the 11th day of June, 2009.

KEITH P. ELLISON

UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**